**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAVEL TIKHOMIROV, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARAGVI M LLC d/b/a ARAGVI, and MIKHEIL ZAZASHVILI,<br><br>Defendants. | Civil Case No.: 1:25-cv-05691<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pavel Tikhomirov ("Tikhomirov"), by and through his attorneys, Faruqi & Faruqi, LLP, and on behalf of himself and others similarly situated, hereby allege as follows against Defendant Aragvi M LLC d/b/a Aragvi ("Aragvi" or the "Restaurant"), and Mikheil Zazashvili ("Zazashvili") (together, "Defendants"):

## NATURE OF THE CLAIMS

1. Defendants own and operate a restaurant in New York, New York, doing business under the name "Aragvi."

2. Defendants engage in a common, willful, and deliberate policy and practice of denying Plaintiff and other similarly situated Servers (defined *infra* at ¶ 30) minimum and overtime wages.

3. Specifically, throughout the relevant time period, Defendants required Servers to work without any wages ***at all*** and rely solely upon tips for compensation. Defendants never paid Servers at a "tipped" minimum wage rate, or any minimum wage rate at all, and instead ***only*** compensated them through their share of the tip pool.

4. Additionally, despite working well over forty hours per week, with shifts spanning

at least 10 hours each, Plaintiff and similarly situated Servers were never paid overtime or spread of hours compensation.

5. Defendants also improperly deducted operational expenses of the restaurant, such as broken dishware, from Servers' tips.

6. Defendants have also consistently failed to furnish Servers with NYLL compliant Notices of Pay Rate and accurate wage statements, as required by law.

7. Tikhomirov's claims against Defendants to redress these wrongs are brought, in part, under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), and applicable regulations thereunder, on behalf of himself and all other similarly situated Servers employed by Defendants at any time during the full statute of limitations period.

8. Plaintiff's claims are also brought, in part, under the NYLL, and applicable regulations thereunder, as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other similarly situated Servers employed by Defendants at any time during the full statute of limitations period.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

10. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

### A. Plaintiff Pavel Tikhomirov

12. Tikhomirov is a resident of New York State and was employed by Defendants from on or around March 17, 2025 until on or about June 1, 2025.

13. At all relevant times, Tikhomirov was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

### B. Defendant Aragvi M LLC d/b/a Aragvi

14. Aragvi M LLC d/b/a Aragvi is a domestic limited liability company with its principal place of business located at 230 E 44th Street, New York, New York 10017.

15. At all relevant times, Aragvi controlled and directed the terms of employment and compensation of Plaintiff and all others similarly situated.

16. At all relevant times, Aragvi established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiff and all others similarly situated.

17. At all relevant times, Aragvi maintained and exercised its power to hire, fire, discipline, and promote Plaintiff and all others similarly situated.

18. At all relevant times, Aragvi was an "employer" of Plaintiff, and all others similarly situated within the meaning of all applicable statutes and regulations.

19. At all relevant times, Aragvi was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

20. Throughout Plaintiff's employment, Aragvi had employees engaged in commerce or in the production of goods for commerce or handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person. As an example, Plaintiff as well as other employees of Aragvi were provided and used supplies such as dishes and office supplies that moved in interstate commerce to perform their work.

21. Upon information and belief, at all relevant times Aragvi had an annual gross volume of sales in excess of $500,000.00.

**C. Defendant Mikheil Zazashvili**

22. Defendant Mikheil Zazashvili is an Owner and Manager of Aragvi and is a resident of New York State.

23. At all relevant times, Zazashvili maintained and maintains operational control of Aragvi, possessed and possesses an ownership interest in Aragvi, and controlled and controls significant functions of Aragvi.

24. At all relevant times, Zazashvili controlled and directed the terms of employment and compensation of Plaintiff, and all others similarly situated.

25. At all relevant times, Zazashvili maintained and exercised or delegated his power to hire, fire, discipline, and promote Plaintiff, and all others similarly situated.

26. At all relevant times, Zazashvili maintained control, oversight, and direction of Plaintiff and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work-product, payroll, and other employment practices applicable to Plaintiff, and all others similarly situated.

27. At all relevant times, Zazashvili was an "employer" of Plaintiff, and all others similarly situated within the meaning of all applicable statutes and regulations.

## FACTS

### A. Background

28. Defendants own and operate a restaurant in New York County, New York, doing business under the name, "Aragvi."

29. Defendants employ a staff of approximately 20 to 25 employees at any given time, approximately nine of which are Servers.

30. Servers at Aragvi are responsible for taking orders, serving food and drinks, and handling payments.

### B. Failure to Pay Minimum, Overtime, and Spread of Hours Wages

31. Defendants engage in a common pattern and practice of deliberately denying Servers minimum and overtime wages owed.

32. Defendants systematically deny Servers their wages in several ways.

33. First, Defendants pay Servers at rates below the applicable minimum wage based on their practice of systematically failing to pay Servers ***any wages at all***.

34. Servers solely receive compensation through the gratuities that are earned during their shift.

35. This unlawful compensation scheme was communicated to Plaintiff and carried out by Defendants directly.

36. Defendants' practice resulted in Plaintiff and similarly situated Servers being paid well below the federal and State minimum wage rates for as many as 60 hours of work in a given week.

37. Second, Defendants maintained an intentional practice of ***never*** paying Servers at a rate of one and one-half times their agreed upon rates of pay or the applicable minimum wage

for any of their hours worked in excess of 40 hours in a workweek.

38. Third, Defendants did not provide Plaintiff or similarly situated Servers with "spread of hours pay"—*i.e.*, an additional hour of pay at the applicable State minimum wage rate on each day where the length of interval between the beginning and end of an employees' workday exceeds 10 hours—when they work more than 10 hours a day. *See* N.Y. Comp. Codes R. & Regs. Tit. 12 § 146-1.6.

**C. Misappropriating Tips for Restaurant Operational Expenses**

39. Defendants have also acted willfully and deliberately in maintaining an intentional practice of improperly misappropriating tips from Servers.

40. Specifically, Defendants deduct Servers' tip compensation to cover some or all the costs associated with routine restaurant operational expenses, such as broken dishware.

41. Defendants deduct at least fifty dollars from Servers' tips on a biweekly basis.

42. These deductions from Servers' tips, for routine restaurant operational expenses and losses incurred in carrying out duties assigned by Defendants, are unlawful.

**D. Failure to Provide Notices of Pay Rate and Accurate Wage Statements**

43. The NYLL requires that Defendants provide Servers, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary[,]" which is commonly referred to

as a Notice of Pay Rate. NYLL § 195(1)(a).

44. Throughout the statutory period, Defendants never provided Servers with Notices of Pay Rate that accurately reflected their pay or applicable deductions.

45. The NYLL also requires that Defendants furnish Servers with accurate wage statements with each payment of wages.

46. Throughout the statutory period, Defendants never furnished accurate wage statements to Servers.

47. Upon information and belief, Defendants chose not to provide these required notices and wage statements to Servers to avoid informing them of their rights under the NYLL and therefore avoid paying them the proper minimum and overtime wage rates due to them.

**E. <u>Plaintiff Pavel Tikhomirov</u>**

48. Tikhomirov worked at Aragvi as a Server from on or about March 17, 2025 through on or about June 1, 2025.

49. Tikhomirov's duties as a Server included, *inter alia*, taking orders and serving guests food and beverages, completing transactions, and cleaning.

50. Throughout his employment, Defendants typically scheduled Plaintiff to work at least four shifts per week, with Plaintiff sometimes taking on an additional fifth shift per week to cover for another Server, for a total of 48 to 65 hours per week.

51. More specifically, Plaintiff typically worked on Wednesday, Thursday, Saturday, and Sunday starting from 11:00 a.m. until between 11:00 p.m. and 12:00 a.m. (for a total of four 12 to 13-hour shifts), as well as sometimes taking on a fifth shift from 11:00 a.m. until between 11:00 p.m. and 12:00 a.m. (for total of one additional 12-to-13-hour shift)—amounting to 48 to 65 hours per week.

52. Tikhomirov received no hourly wages from the Defendants for any hours worked during the entirety of his employment with Defendants.

53. At the outset of Tikhomirov's employment, Zazashvili informed him that Defendants would not pay him any wages, and that Tikhomirov would solely receive compensation through his share of the gratuities earned during the shifts he worked.

54. This resulted in Tikhomirov being paid well below the federal and State minimum wage rates for as many as 65 hours in a given week.

55. Further, Tikhomirov was ***never*** paid one and one-half times the minimum wage rate for any hours worked in excess of 40 hours in a workweek.

56. By way of example only, from April 1, 2025 to April 7, 2025, Tikhomirov worked Wednesday, Thursday, Saturday, and Sunday for a total of 50 hours.

57. Tikhomirov did not receive any minimum or overtime wage compensation at all from Defendants for the 50 hours that he worked between April 1, 2025 and April 7, 2025.

58. Further, Tikhomirov did not receive any spread of hours pay for the four (4) shifts that he worked which exceeded 10 hours in length.

59. Tikhomirov's sole compensation between April 1, 2025 and April 7, 2025 was his portion of the tip pool that he received while he was working his shifts.

60. Tikhomirov had numerous conversations with other Servers throughout the relevant time period, and all of them confirmed that they were paid in exactly the same manner as Tikhomirov.

61. Further, in each biweekly paycheck, Defendants unlawfully deducted fifty dollars from Tikhomirov's tips to compensate Defendants for routine operational expenses, such as dishware that had broken during working hours and in the course of working for Defendants.

62. Defendants never provided Tikhomirov with a Notice of Pay Rate that met the requirements of the NYLL.

63. Defendants never provided Tikhomirov with accurate wage statements.

## FLSA COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff Tikhomirov brings this action, in part, as a collective action under the FLSA and applicable regulations thereunder.

65. Plaintiff seeks to maintain claims, pursuant to FLSA § 216(b), on behalf of himself and all other Servers who have been employed by Defendants at any time during the full statute of limitations period (the "FLSA Collective").

66. At all relevant times, Plaintiff and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and scheme, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff and the FLSA Collective at the federal minimum wage for all hours worked under 40 hours in a workweek; and (ii) failing to compensate Plaintiff and the FLSA Collective at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

67. Throughout the full statute of limitations period, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the provisions of the FLSA.

68. Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective.

69. As a result of Defendants' conduct, they are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid wages with interest, an additional equal amount as

liquidated damages, plus the attorneys' fees and costs incurred by the Plaintiff and the FLSA Collective.

70. While the exact number of the FLSA Collective is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are approximately 50 other similarly situated persons who were employed by Defendants during the full statute of limitations period.

71. Plaintiff is currently unaware of the identities of the members of the FLSA Collective.

72. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants during the full statute of limitations period, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

73. Plaintiff brings this action, in part, as a class action under the NYLL and applicable regulations thereunder.

### A. Class Definition

74. Plaintiff seeks to maintain claims, pursuant to FRCP 23, on behalf of himself and a class of all other Servers who have been employed by Defendants at any time during the full statute of limitations period (the "NYLL Class").

75. Plaintiff alleges, on behalf of himself and the NYLL Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to pay Plaintiff and the NYLL Class at or above the applicable State minimum wage rate for all hours worked; (ii) failing to compensate Plaintiff and the NYLL

Class at one and one-half times their regular rate of pay (or the applicable State minimum wage rate) for all hours worked in excess of 40 hours in a workweek; (iii) failing to compensate Plaintiff and the NYLL Class spread of hours pay for all shifts that exceeded 10 hours in a day; (iv) misappropriating tips due to Plaintiff and the NYLL Class; (v) failing to provide Notices of Pay Rate; and (vi) failing to furnish accurate wage statements.

76. Plaintiff and the NYLL Class have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

77. The wage practices described in this Complaint are part of Defendants' normal course of conduct.

78. The claims brought pursuant to the NYLL may be pursued by all similarly situated persons who do not opt out of the NYLL Class, pursuant to FRCP 23.

**B. Requirements of Rule 23(a)**

**i. Numerosity and Impracticability of Joinder**

79. The members of the NYLL Class are so numerous that joinder of all members is impracticable.

80. While the exact number of the members of the NYLL Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are approximately 100 members of the NYLL Class.

81. Therefore, the numerosity requirement of FRCP 23(a)(1) is satisfied.

**ii. Common Questions of Law and Fact**

82. Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the NYLL Class and predominate over any questions only affecting the members of the NYLL Class individually.

83. The questions of law and fact that are common to Plaintiff and the NYLL Class include, without limitation:

(a) Whether Defendants employed Plaintiff and the NYLL Class within the meaning of the New York Labor Law;

(b) Whether Defendants failed to pay Plaintiff and the NYLL Class at or above the applicable State minimum wage;

(c) Whether Defendants failed to pay Plaintiff and the NYLL Class all overtime wages owed to them;

(d) Whether Defendants improperly misappropriated portions of the gratuities due to Plaintiff and the NYLL Class;

(e) Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

(f) Whether Defendants failed to compensate Plaintiff and the NYLL Class with spread of hours pay or an additional hour of pay at the applicable State minimum wage rate on each day where the length of interval between the beginning and end of workday exceeded 10 hours;

(g) Whether Defendants failed to provide Plaintiff and the NYLL Class with Notices of Pay Rate;

(h) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the NYLL Class; and

(i) Whether Plaintiff and the NYLL Class are entitled to liquidated damages and injunctive relief.

84. Therefore, the common question requirement of FRCP 23(a)(2) is satisfied.

### iii. Typicality of Claims and Relief Sought

85. Plaintiff's claims are typical of the claims of the members of the NYLL Class he seeks to represent.

86. Plaintiff and the NYLL Class work, or have worked, for Defendants and are, or were, subject to the same compensation policies and practices.

87. The wage practices suffered by Plaintiff, and the damages resulting therefrom, are sadly typical of Defendants' treatment of their Servers generally, and of the NYLL Class specifically.

88. Therefore, the typicality requirement of FRCP 23(a)(3) is satisfied.

### iv. Adequacy of Representation

89. Plaintiff will fairly and adequately protect the interests of the NYLL Class because his interests are coextensive and aligned with those of the members of the NYLL Class.

90. Plaintiff has no interests adverse to the NYLL Class he seeks to represent and has retained competent and experienced counsel.

91. Plaintiff is willing and able to represent the NYLL Class as fairly and vigorously as they pursue their similar individual claims.

92. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation and who are able to meet the demands necessary to litigate a class action of this size and complexity.

93. The combined interests, experience, and resources of Plaintiff and his counsel to competently litigate the individual and NYLL Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a)(4).

**C. Requirements of Rule 23(b)(1)**

94. Without certification of the NYLL Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

95. Accordingly, certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class, and Defendants.

96. By filing this Complaint, Plaintiff is preserving the rights of the NYLL Class with respect to the statute of limitations on their claims.

97. Therefore, not certifying a class would substantially impair and/or impede the remaining members of the NYLL Class's ability to protect their interests.

**D. Requirements of Rule 23(b)(2)**

98. Defendants acted on grounds, described herein, generally applicable to Plaintiff and the NYLL Class by denying Plaintiff and the NYLL Class minimum and overtime wages, and spread of hours pay, misappropriating tips, and failing to furnish Notices of Pay Rate and accurate wage statements.

99. These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff and the NYLL Class as a whole.

100. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, spread of hours pay, misappropriated gratuities, Notices of Pay Rate, and accurate wage statements.

101. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's

and the NYLL Class's entitlement to monetary and non-monetary remedies for such wage violations.

102. Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

### E. Requirements of Rule 23(b)(3)

103. The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class—including, without limitation, the common issues identified in the paragraphs above—predominate over issues affecting only individual claims.

104. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class.

105. The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the NYLL Class to pursue their claims individually.

106. This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the NYLL Class (they must have worked for Defendants as Servers during the statutory period), as well as the common questions of law and fact described herein.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME
**(*On Behalf of Plaintiff and the FLSA Collective*)**

107. Plaintiff Tikhomirov, on behalf of himself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

108. During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

109. The FLSA requires covered employers, including Defendants, to compensate Servers at a rate not less than one and one-half times their regular rate of pay and at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

110. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

111. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

112. As a result of Defendants' failure to compensate Plaintiff and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

113. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA.

114. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLSA: FAILURE TO PAY MINIMUM WAGE
**(*On Behalf of Plaintiff and the FLSA Collective*)**

115. Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

116. During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, as well as all applicable regulations thereunder.

117. The FLSA requires covered employers, including Defendants, to compensate Servers at a rate not less than the federal minimum wage for all hours worked in a workweek.

118. Plaintiff and the FLSA Collective were not exempt from the requirement that their employer pay them minimum wages under the FLSA.

119. During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked in a workweek.

120. As a result of Defendants' failure to compensate Plaintiff and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

121. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective, in accordance with the FLSA.

122. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME WAGES**
**(*On Behalf of Plaintiff and the NYLL Class*)**

123. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

124. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

125. The NYLL requires covered employers, including Defendants, to compensate Servers at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

126. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

127. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the NYLL Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

128. As a result of Defendants' failure to compensate Plaintiff and the NYLL Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

129. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the NYLL Class in accordance with the NYLL.

130. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE**
**(*On Behalf of Plaintiff and the NYLL Class*)**

131. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

132. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., and 650, *et seq*., as well as all applicable regulations thereunder.

133. The NYLL requires covered employers, including Defendants, to compensate Plaintiff and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

134. Plaintiff and the NYLL Class were not exempt from the requirement and are entitled to be paid by Defendants pay then minimum wages under the NYLL, and they are entitled to be paid minimum wages by Defendants for all hours worked in a workweek, during the full statute of limitations period.

135. Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

136. As a result of Defendants' failure to compensate Plaintiff and the NYLL Class at a

rate not less than the applicable State minimum wage for all hours worked under 40 in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

137. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the NYLL Class in accordance with the NYLL.

138. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: SPREAD OF HOURS PAY**
**(*On Behalf of Plaintiff and the NYLL Class*)**

139. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

140. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder, including, without limitation, the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.1, *et seq*.

141. The NYLL and/or applicable regulations thereunder require employers, including Defendants, to furnish each of their employees one additional hour of pay at the basic minimum wage rate on each day during which the length of the interval between the beginning and end of the employee's workday, or "spread of hours," exceeds 10 hours.

142. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants provide them with spread of hours pay.

143. Throughout the full statute of limitations period, Defendants engaged in a policy

and practice of unlawfully failing to provide spread of hours pay to Plaintiff and the NYLL Class.

144. As a result of Defendants' failure to furnish spread of hours pay to Plaintiff and the NYLL Class, Defendants have violated, *inter alia*, the NYLL and/or applicable regulations thereunder.

145. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: MISAPPROPRIATION OF TIPS**
**(*On Behalf of Plaintiff and the FLSA Collective*)**

146. Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

147. 29 U.S.C. § 203(m)(2)(B) prohibits employers from retaining tips received by employees for any purpose, including allowing managers or supervisors to keep any portion of employees' tips.

148. Defendants willfully violated the FLSA by taking a portion of the Plaintiff's and FLSA Collective's tips and applying them towards the restaurant's operational expenses, such as broken dishware.

149. As a result of Defendants' violations, Plaintiff and the FLSA Collective have suffered damages and are entitled to recover their misappropriated tips, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: MISAPPROPRIATION OF TIPS**
**(*On Behalf of Plaintiff and the NYLL Class*)**

150. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges

the foregoing allegations as if set forth fully herein.

151. NYLL § 196–d and regulations issued thereunder, *see* 12 N.Y.C.R.R. §§ 146 2.14–2.15, prohibit employers from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee.

152. Defendants willfully violated these provisions by taking a portion of the Plaintiff's and NYLL Class's tips and applying them towards the Restaurant's operational expenses, such as broken dishware.

153. As a result of the Defendants' willful violation of NYLL § 196–d and NYSDOL Regulations, Plaintiff and the NYLL Class suffered damages and are entitled to recover their misappropriated tips, liquidated damages, attorneys' fees and costs, and prejudgment post-judgment interest.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**
**(*On Behalf of Plaintiff and the NYLL Class*)**

154. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

155. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

156. The NYLL requires covered employers, including Defendants, to provide Servers, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any

'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate. NYLL § 195(1)(a).

157. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

158. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the NYLL Class.

159. As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

160. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the NYLL Class in accordance with the NYLL.

161. Further, due to Defendants' failure to provide proper Notices of Pay Rate, Plaintiff and the NYLL Class have suffered concrete harm.

162. Specifically, Plaintiff and the NYLL Class have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

163. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover $50.00 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: ACCURATE WAGE STATEMENTS**
**(*On Behalf of Plaintiff and the NYLL Class*)**

164. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

165. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

166. The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages." NYLL § 195(3).

167. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants provide them with proper wage statements.

168. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the NYLL Class.

169. As a result of Defendants' failure to furnish accurate statements to Plaintiff and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

170. Further, due to Defendants' failure to furnish accurate wage statements, Plaintiff and the NYLL Class have suffered concrete harm.

171. Specifically, Plaintiff and the NYLL Class have been prevented from, *inter alia*: (i)

realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

172. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover $250.00 for each workday the violation occurred, not to exceed $5,000.00, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the NYLL Class, respectfully request that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and State law;

B. Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D. Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E. Designate Plaintiff as the representative of the NYLL Class, and their counsel of

record as class counsel;

F. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

G. Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H. Award Plaintiff, the FLSA Collective, and the NYLL Class an additional equal amount as liquidated damages;

I. Award Plaintiff, the FLSA Collective, and/or the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

J. Grant Plaintiff, the FLSA Collective, and/or the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, the FLSA Collective, and the NYLL Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: July 10, 2025
New York, New York

**FARUQI & FARUQI, LLP**

By: *_/s/ Innessa M. Huot_*
Innessa M. Huot
Shawn R. Clark

685 Third Avenue, 26th Floor

New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
ihuot@faruqilaw.com
sclark@faruqilaw.com

*Attorneys for Plaintiff, the Proposed FLSA Collective, and the Proposed NYLL Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAVEL TIKHOMIROV, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARAGVI M LLC d/b/a ARAGVI, and MIKHEIL ZAZASHVILI,<br><br>Defendants. | Civil Case No.:<br><br>**CONSENT TO SUE** |

I, Pavel Tikhomirov, was employed by Defendants within the last three years and am the Named Plaintiff in the above-captioned action, *Tikhomirov v. Aragvi M LLC, et al.*, pending in the United States Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): Pavel Tikhomirov

Signature: Pavel Tikhomirov (Jul 8, 2025 18:49 EDT)

Date: 07/08/2025